IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADELMO ELY GONZALEZ REYNA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:22cv00309 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| V. PRIDE, ) | By:   Hon. Thomas T. Cullen |
| ) |          United States District Judge |
| Defendant. ) | |

Plaintiff Adelmo Ely Gonzalez Reyna, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against Correctional Officer Pride, alleging that she violated his constitutional rights by telling another inmate that Gonzalez Reyna was a "snitch" after he reported tools missing. This matter is before the court on Officer Pride's motion to dismiss. Having reviewed the pleadings, the court will grant Officer Pride's motion in part and deny it in part.

I.

Gonzalez Reyna alleges that, while he was serving as a utility worker in his housing unit on February 2, 2022, he reported to Lt. Cain that some cleaning supplies were missing. Gonzalez Reyna contends that Lt. Cain called Officer Pride and asked her to tell the floor officer to announce the missing supplies. Instead, Gonzalez Reyna claims that Officer Pride spoke directly to another inmate and asked that inmate to make the announcement. She also allegedly told this other inmate that Gonzalez Reyna had "snitch[ed]" to Lt. Cain and that the pod would be put on lockdown. (ECF No. 1-2 at 2.) Gonzalez Reyna claims that, by labeling

him as a "snitch" to the other inmate, Officer Pride threatened his "safety and life" and left him at risk of being attacked or even killed by other inmates. (*Id.*)

Gonzalez Reyna asserts that Officer Pride discriminated against him based on his race, ethnicity, religion, and criminal history,[1] and that she made the statement to the other inmate intending to "humiliate . . . mentally, p[syc]hologically, and emotionally damage[ him, and] physically harm[ him]." (*Id.*) Gonzalez Reyna argues that Officer Pride did not "do what she was instructed to do by Lt. Cain" and did not "go through proper channels." (*Id.* at 3.) Gonzalez Reyna claims that he continues to suffer "mental and emotional pain, distress, . . . anguish, anxiety, grief, fright, humiliation, shame, and fury" which has "mentally drained" him and caused him stress and loss of sleep. (*Id.* at 5.)

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

---

[1] Gonzalez Reyna alleges that "[d]iscrimination is the only possible explanation" for what happened to him. (ECF No. 1-2 at 4.)

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.*; *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. Feb. 8, 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

### III.

Gonzalez Reyna alleges that Officer Pride was deliberately indifferent to a substantial risk of serious harm by telling another inmate that Gonzalez Reyna had "snitched" about the missing tools and that the pod was being locked down. Officer Pride argues that Gonzalez Reyna's allegations fail to state a cognizable § 1983 claim. The court disagrees and, therefore, will deny Officer Pride's motion to dismiss.

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotation marks and citation omitted). A prisoner who alleges deliberate indifference under the Eighth Amendment arising from failure to protect must satisfy two requirements, an objective component and a subjective component. *Id.* at 834. "First, the deprivation alleged must be, objectively, sufficiently serious" (objective component), and second, "the prison official must have a sufficiently culpable state of mind" (subjective component). *Id.* (cleaned up). To satisfy the objective component, a prisoner must establish an "extreme deprivation," *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003), which requires the prisoner to "allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2003). To establish the subjective component, a prisoner must show that the prison official acted with "deliberate indifference," which entails "something more than mere negligence," but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 834−35. Deliberate indifference "requires that a prison official actually

- 4 -

know of and disregard an objectively serious condition, medical need, or risk of harm." *De'Lonta*, 330 F.3d at 634.

As the Fourth Circuit has observed, "It is impossible to minimize the possible consequences to a prisoner of being labeled a 'snitch.'" *Miller v. Leathers*, 913 F.2d 1085, 1088 n.1 (4th Cir. 1990)). Evidence that a prison official exposed a prisoner as a "snitch" is sufficient to establish a substantial risk of serious harm. *Allison v. Ball*, Civil Action No. 7:18cv125, 2019 U.S. Dist. LEXIS 34522, at *8 (W.D. Va. Mar. 5, 2019); *Jordan v. Hooks*, Civil Action No. 6:13cv2247-BHH, 2015 U.S. Dist. LEXIS 131011, at *8–11 (D.S.C. Sep. 29, 2015); *see also Irving v. Dormire*, 519 F.3d 441, 451 (8th Cir. 2008); *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138–39 (9th Cir. 1989); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *White v. Fox*, 470 F. App'x 214, 220 (5th Cir. 2012)). Courts have allowed plaintiffs to survive summary judgment where the plaintiff alleges only an increased risk of attack or serious psychological or emotional injury from such risk. *See, e.g., Benefield*, 241 F.3d at 1271-–72 (rejecting the government's argument that a prisoner's claim was subject to dismissal in the absence of physical injury); *Williams v. Thomas*, Civil Action No. 12-01323, 2013 U.S. Dist. LEXIS 60430, at *23 (E.D. Pa. Apr. 29, 2013) ("[T]he mere act of labeling a prisoner a snitch constitutes a substantial risk of harm"). Further, both the Supreme Court and the Fourth Circuit have indicated that a prisoner can bring an Eighth Amendment claim to challenge harm that is certain or very likely in the future, even where the harm has not yet materialized. *See Helling v. McKinney*, 509 U.S. 25, 33 (1933) ("That the Eighth Amendment protects against future harm to inmates is not a novel proposition. . . . It would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening

condition in their prison on the ground that nothing yet had happened to them."); *Woodhous v. Virginia*, 487 F.2d 889, 890 (4th Cir. 1973) ("A prisoner has a right, secured by the Eighth and Fourteenth Amendments, to be reasonably protected from constant threat of violence and sexual assault by his fellow inmates, and he need not wait until he is actually assaulted to obtain relief."). In this case, Gonzalez Reyna has alleged that Officer Pride labeled him a snitch to another inmate and, consequently, that his safety was jeopardized.

As to deliberate indifference, because the risks attendant to being labeled a snitch is axiomatic among corrections officials, facts indicating that an official intentionally exposed an inmate as a snitch are sufficient to establish deliberate indifference. *Jordan*, 2015 U.S. Dist. LEXIS 131011, at *10 (noting that "the subjective 'actual knowledge' standard required to find deliberate indifference may be proven by circumstantial evidence that a risk was so obvious that it had to have been known." (citing *Makdessi v. Fields*, 789 F.3d 126, 136 (4th Cir. 2015))). In this case, Gonzalez Reyna alleges that Officer Pride called him a snitch under circumstances suggesting that she intended to communicate the label to the other prisoner. Accepting all factual allegations as true and drawing all reasonable inferences in Gonzalez Reyna's favor, the court finds that Gonzalez Reyna's allegations state a plausible claim for relief under the Eighth Amendment. Accordingly, the court will deny Officer Pride's motion to dismiss as to this claim.

## IV.

To the extent Gonzalez Reyna's alleges that Officer Pride denied him equal protection, retaliated against him, or violated Virginia Department of Corrections ("VDOC") policies or procedures, his claims fail. Accordingly, the court will grant Officer Pride's motion to dismiss these claims.

### A.

Gonzalez Reyna alleges that Officer Pride must have discriminated against him because it is the "only possible explanation" for her actions. (ECF No. 1-2 at 4.) The court finds that this conclusory allegation is insufficient to state a viable equal protection claim.

The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Under the Equal Protection Clause, "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). A plaintiff also must set forth "specific, non-conclusory factual allegations that establish improper motive." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.* In the prison context, the appropriate level of scrutiny to apply in equal protection claims is one of

"reasonableness" in accordance with the factors identified in *Turner v. Safley*, 482 U.S. 78 (1987). *Morrison*, 239 F.3d at 654–55; *accord Veney v. Wyche*, 293 F.3d 726, 732 (4th Cir. 2002).

Here, Gonzalez Reyna does not identify any similarly situated inmate who has been treated differently. *Cf. Bowles v. Jackson*, No. 7:17cv117, 2018 U.S. Dist. LEXIS 111377, at *5 (W.D. Va. July 3, 2018) (dismissing inmate's equal protection claim because, among other reasons, he did not "identify another disabled or wheelchair bound inmate who has been denied access to the chow hall and or otherwise denied benefits by" the defendant). Further, although Gonzalez Reyna contends that discrimination is the "only possible explanation" for what happened, this conclusory allegation is insufficient to support a determination that Officer Pride acted with improper intent to discriminate. *See Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003) (internal quotation marks omitted) (stating that a plaintiff must set forth "specific, non-conclusory factual allegations that establish improper motive"). Indeed, the court can surmise myriad reasons for the officer's alleged improper conduct other than racial discrimination or bias. Accordingly, the court concludes that Gonzalez Reyna fails to state an equal protection claim and, therefore, will grant Officer Pride's motion to dismiss this claim.

**B.**

To the extent Gonzalez Reyna's allegations can be construed as a claim that Officer Pride retaliated against him, it fails because his claims are conclusory. It is well-settled that state officials may not retaliate against an inmate for exercising his constitutional rights, including their right to access the courts. *See American Civ. Liberties Union v. Wicomico County*, 999 F.2d 780, 785 (4th Cir. 1993). To establish a claim for retaliation, a plaintiff must show that "(1) he engaged in protected First Amendment activity, (2) the defendant took some

action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020) (internal quotation marks and alterations omitted). "In the prison context, we treat such claims with skepticism because 'every act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct.'" *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)). In order to sustain a cognizable retaliation claim under § 1983, an inmate must point to specific facts supporting his claim of retaliation. *White v. White*, 886 F.2d 271 (4th Cir. 1989). "[B]are assertions of retaliation do not establish a claim of constitutional dimension." *McFadden v. Lewis*, 517 F. App'x 149, 150 (4th Cir. 2013) (per curiam) (unpublished); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (noting federal courts should regard inmate claims of retaliation with "skepticism").

Here, Gonzalez Reyna's allegations are too conclusory to support a cognizable retaliation claim. Moreover, it is not clear that Gonzalez Reyna's reporting of the missing tools to Lt. Cain was protected First Amendment activity. Accordingly, the court will grant Officer Pride's motion to dismiss this claim.

### C.

Finally, to the extent that Gonzalez Reyna alleges that Officer Pride did not follow VDOC policies or procedures because she did not "go through the proper channels" in response to Lt. Cain's instruction, his allegation fails to state a claim. A violation of the VDOC's own policy, without more, does not give rise to a constitutional violation. *See Riccio*

*v. Cnty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990). Accordingly, the court will grant Officer Pride's motion to dismiss this claim.

## V.

For the reasons discussed, the court will deny in part and grant in part Officer Pride's motion to dismiss. Only Gonzalez Reyna's failure-to-protect claim remains.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 7th day of August, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE