CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

September 26, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| ADELMO ELY GONZALEZ REYNA, ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 7:22-cv-00309 |
| v. ) | |
| ) | |
| V. PRIDE, ) | MEMORANDUM OPINION |
|     Defendant. ) | |
| ) | By:    Joel C. Hoppe |
| ) |          United States Magistrate Judge |

Plaintiff Adelmo Ely Gonzalez Reyna, a Virginia inmate appearing pro se, filed this lawsuit alleging that Defendant V. Pride violated his rights under the Eighth Amendment to the U.S. Constitution, 42 U.S.C. § 1983. Reyna asserts that Pride told another inmate that Reyna was a "snitch" after Reyna reported to Lieutenant Cain that "cleaning tools" were missing. Compl. Ex. 2, ECF No. 1-2, at 1. Reyna asserts that the whole pod heard Pride call him a snitch. Compl., ECF No. 1, at 5. Reyna seeks $1,000,000 in damages and equitable relief. *Id.* Pride moved for summary judgment on Reyna's remaining Eighth Amendment failure-to-protect claim, arguing that the undisputed material facts do not show that she violated Reyna's Eighth Amendment rights and that she is entitled to qualified immunity.[1] ECF Nos. 30–31. The motion is fully briefed, ECF Nos. 30–31, 33–34, and can be decided without a hearing.[2]

Pride's motion for summary judgment, ECF No. 30, will be granted. Pride has shown that there is no genuine dispute that the alleged deprivation was not objectively sufficiently serious and that she was not subjectively deliberately indifferent to a risk of harm. Accordingly, Pride is

---

[1] United States District Judge Thomas T. Cullen granted in part and denied in part Pride's Motion to Dismiss. *See* Mem. Op. & Order, ECF Nos. 20–21. The only remaining claim is Reyna's Eighth Amendment failure-to-protect claim against Pride in her individual capacity. *Id.*

[2] The matter is before me by the parties' consent under 28 U.S.C. § 636(c). ECF No. 25.

entitled to judgment as a matter of law. Her motion will be granted, and the action will be dismissed.

## I. Standard of Review

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim or defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 521–22 (4th Cir. 2003). In considering a motion for summary judgment, courts must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmovant. *Simmons v. Whitaker*, 106 F.4th 379, 385 (4th Cir. 2024).

Summary judgment shall be granted if "the movant demonstrates that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Simmons*, 106 F.4th at 384 (quoting Fed. R. Civ. P. 56(a)). A dispute is "*genuine*" if a reasonable jury could decide the issue in favor of the nonmovant; a fact is "*material*" if it might affect the outcome of the case. *Anderson*, 477 U.S. at 252; *see Bhattacharya v. Murray*, 93 F.4th 675, 686 (4th Cir. 2024) (citations omitted). The substantive law underlying the claim will identify *which* facts are considered "material." *Anderson*, 477 U.S. at 247–49.

The movant bears the initial burden of showing that there is no genuine dispute of material fact. *Bouchat*, 346 F.3d at 522 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see* Fed. R. Civ. P. 56(c), (e). What is required to meet this initial burden under Rule 56(c) depends on whether the party would have the burden of proof on the identified issue(s) at trial. *See Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc.*, 673 F.3d 294, 299–300 (4th Cir. 2012) (citing *Celotex Corp.*, 477 U.S. at 331). When, as here, a defendant moves for summary judgment, then it need only show that the plaintiff has failed to offer proof on an essential

element of the plaintiff's claim. *Smith v. Schlage Lock Co., LLC*, 986 F.3d 482, 486 (4th Cir. 2021) ("the burden on the moving party may be discharged by showing . . . there is an absence of evidence to support the nonmoving party's case.") (internal quotation marks omitted) (quoting *Celotex Corp.*, 477 U.S. at 325); *see* Fed. R. Civ. P. 56(a), (c)(1)(B). It may also "cit[e] to particular parts of materials in the record" to show that a material "fact cannot be . . . genuinely disputed" based on the available evidence. Fed. R. Civ. P. 56(c)(1)(A).

Once the defendant meets its burden, the plaintiff "must come forward and demonstrate" that a genuine dispute of material fact "does, in fact, exist." *Bouchat*, 346 F.3d at 522 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). "As a general rule," the plaintiff "cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the [defendant's] motion." *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021) (cleaned up); *see* Fed. R. Civ. P. 56(c)(1). "However, it is well established that a *verified* complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the [factual] allegations contained therein are based on [the plaintiff's] personal knowledge." *Goodman*, 986 F.3d at 498 (internal quotation marks omitted); *see* Fed. R. Civ. P. 56(c)(4). "A complaint is verified if it is signed, sworn, and submitted under penalty of perjury." *Goodman*, 986 F.3d at 495 n.2 (internal quotation marks omitted).

Under this standard, "'the mere existence of a scintilla of evidence' in favor of the non-movant's position is insufficient to withstand the summary judgment motion." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761 (4th Cir. 2021) (quoting *Anderson*, 477 U.S. at 252). "Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion." *Id.* Instead, "there must be [admissible] evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

II. Statement of Facts[3]

Reyna is an inmate at Buckingham Correctional Center and has worked as a "utility worker" during his incarceration. Compl. Ex. 2, ECF No. 1-2, at 1. On February 2, 2022, Reyna was working and noticed that "some of the[] [cleaning tools] 'were missing.'" *Id.* Reyna reported the missing cleaning tools to Cain, the lieutenant in Reyna's pod. *Id.* Cain in turn instructed Pride to "tell officer Mosley to make 'the announcement of the missing cleaning tools.'" *Id.* Pride, however, did not follow Cain's instructions. *Id.* Pride instead asked an inmate, Seaward, "to make the announcement of the missing tools," and told Seaward that Reyna "went to . . . Cain['s] office 'snitching.'" *Id.* at 1–2. Pride also told Seaward that "the pod was getting 'lock-up.'" *Id.* at 2.

That same day, Reyna filed a written complaint with the Virginia Department of Corrections ("VDOC"). Compl. Ex. 3, Reyna VDOC Compl. (Feb. 2, 2022), ECF No. 1-3, at 6. Lieutenant V. Hartwell responded, "[s]poke with . . . Pride on 2/21/2022 by telephone and she stated that she was doing what she was instructed to do by . . . Cain. She stated that your life was not in any danger." *Id.*

---

[3] The facts set out below come from Reyna's verified complaint and exhibits attached thereto, ECF Nos. 1 to 1-5; *see Goodman*, 986 F.3d at 498 ("a *verified* complaint is the equivalent of an opposing affidavit"), Pride's affidavit attached to her brief supporting her motion for summary judgment, Aff. of V. Pride (Oct. 3, 2023), ECF No. 31-1, and Operations Manager C. Bryant's affidavit attached to Pride's brief opposing Reyna's motion for a single cell, Aff. of C. Bryant (Sept. 15, 2023), ECF No. 28-1. All facts and reasonable inferences flowing from those facts are presented in the light most favorable to Reyna as the nonmoving party. *Anderson*, 477 U.S. at 248. Reyna's signed response in opposition to Defendant's motion for summary judgment, ECF Nos. 33–34, is not verified because it is not also "sworn[] and submitted under penalty of perjury." *Goodman*, 986 F.3d at 495 n.2. Accordingly, Reyna cannot rely on any fact stated in that document to demonstrate the existence of a genuinely disputed material fact. *See* Fed. R. Civ. P. 56(c)(1); *cf. Jones v. Perry*, No. 9:21cv1822, 2022 WL 16952240, at *5 n.4 (D.S.C. Oct. 27, 2022) ("A pro se litigant's verified complaint or—as in this case—other verified submission must be considered as an affidavit and may, standing alone, defeat a motion for summary judgment when the [factual] allegations contained therein are based on personal knowledge").

Reyna disagreed with the response and filed a regular grievance on February 23, 2022. Compl. Ex. 3, Reyna VDOC Grievance (Feb. 23, 2022), ECF No. 1-3, at 3–5. That March, VDOC denied the regular grievance because Reyna did not "identify how the issue caused personal harm or loss to [him], personally." *Id.* at 4. Reyna appealed to the regional ombudsman, who issued a final decision, denying and dismissing the grievance appeal. *Id.* at 6–7.

Pride attached an affidavit to her motion for summary judgment. Def.'s Br. Ex. 1, V. Pride Aff. (Oct. 3, 2023), ECF No. 31-1. Pride states that Reyna told her someone had "his" broom and dustpan, which he needed to do his job. *Id.* ¶ 4. Pride relayed that information to Cain, who instructed Pride "to announce in the pod that if whoever had Gonzalez Reyna's broom and dustpan did not return it . . . then the entire pod would be put on lockdown." *Id.* at ¶ 5. Pride told an inmate pod worker to "announce to the inmates in the pod that I needed them to find the broom and dustpan and let [Reyna] use them so that they did not end up staying on lockdown when the count cleared." *Id.* ¶ 6. She denies calling Reyna a snitch and states that she did not see anyone go near Reyna's cell on the day of the incident. *Id.* ¶¶ 6–7. Pride also states that, to the best of her knowledge, "there have been no documented incidents of threats by other inmates toward . . . Reyna" and "Reyna has not reported any specific occurrences to housing unit staff." *Id.* ¶ 9; *accord* C. Bryant Aff. ¶ 4, ECF No. 28-1. Although Reyna has requested a single cell assignment, ECF Nos., 24, 29, he has never asked to be placed in protective custody, and he has been in general population since 2008. C. Bryant Aff. ¶¶ 4–5.

Reyna's brief in opposition to summary judgment is not a verified statement and, thus, will not be considered as evidence. *See supra* note 3. Accordingly, the only competent evidence Reyna presents to oppose summary judgment are factual allegations in his verified complaint that are based on his personal knowledge.

III. Discussion

Reyna asserts that Pride was deliberately indifferent to a substantial risk of serious harm when Pride told another inmate that Reyna had "snitch[ed]" about missing cleaning tools and that "the pod was getting 'lock-up.'" Compl. Ex. 2, ECF No. 1-2, at 1–2. Reyna further states that Pride's deliberate indifference exposed him to being attacked or killed, and caused "mental anguish, anxiety, grief, fright, humiliation, shame, fury, mental, psychological and emotional damage." Compl., ECF No. 1, at 5. Reyna does not assert that he has been threatened or harmed by any inmate, that he reported a threat or harm, or that any reported threat or harm was ignored. *See generally id.*

In her summary judgment motion, Pride argues that she "did not act with deliberate indifference or fail to protect . . . Reyna from a known threat of harm." Def.'s Br., ECF No. 31, at 6. Pride disagrees with Reyna's recollection of the event. *Id.* at 1–3. Pride claims that she never called Reyna a snitch and that she followed Lieutenant Cain's orders by "request[ing] that the inmates in . . . Reyna's pod return the missing cleaning supplies to him." *Id.* at 3, 6–7. Regardless, Pride asserts that her actions did not place Reyna at risk of harm. *Id.* at 7. Pride further argues that she is entitled to qualified immunity.

A.     *Failure-to-Protect*

Reyna alleges that Pride failed to protect him by calling him a snitch in violation of his rights under the Eighth Amendment. Section 1983 provides a cause of action for the violation of federally protected rights by state actors. *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (citing 42 U.S.C. § 1983). The Eighth Amendment "imposes duties on [prison] officials," such as the duty to protect prisoners from violence at the hands of other prisoners. *Makdessi v. Fields*, 789 F.3d 126, 132 (4th Cir. 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

Yet not every injury demands a finding of liability for the prison official(s) obligated to protect the plaintiff. *Id.* at 133. Liability attaches only when: (1) the deprivation alleged is, objectively, "sufficiently serious;" and (2) the prison official had "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834.

Under the objective prong, "[o]nly extreme deprivations" will suffice. *Thompson v. Clarke*, No. 7:17cv111, 2018 WL 4689474, at *4 (W.D. Va. Sept. 28, 2018) (quoting *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003)). To show an extreme deprivation, the plaintiff must present facts showing a "serious or significant physical or emotional injury" or a substantial risk of serious harm. *Cobb v. Cohen*, No. 7:22cv610, 2024 WL 4202731, at *4 (W.D. Va. Sept. 16, 2024) (quoting *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014)). "Of course, general fears about being harmed by a fellow inmate or a prison gang are not enough to establish an Eighth Amendment violation." *Martin v. Weber*, No. 22cv922, 2024 WL 1329295, at *10 (D. Md. Mar. 28, 2024) (cleaned up) (citation omitted).

Under the subjective prong, the plaintiff must show the defendant-prison officials acted with "deliberate indifference to inmate health or safety." *Id.* (cleaned up) (citing *Farmer*, 511 U.S. at 834). "Deliberate indifference" is a very high standard that requires "actual knowledge" of the risk of harm and disregarding such risk; "mere negligence" is not enough. *Makdessi*, 789 F.3d at 128, 133. "Actual knowledge" can be shown with circumstantial evidence that the risk was "so obvious that it had to have been known." *Id.* Officials may not avoid liability by "simply bury[ing] their heads in the sand." *Id.* at 133. Officials may avoid liability, however, by showing "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger." *Id.* (citing *Farmer*, 511 U.S. at 842). A plaintiff may survive summary judgment by presenting "facts sufficient for a reasonable factfinder to

conclude that" the corrections officer knew of, and disregarded, a substantial risk of harm. *Thompson v. Commonwealth*, 878 F.3d 89, 107 (4th Cir. 2017) (quoting *Farmer*, 511 U.S. at 834, 837–38).

For the objective prong, Reyna contends that Pride labeling him a snitch is an extreme deprivation given that placed him at risk of serious harm. The term, "snitch," typically refers to a person who has provided information, testimony, or other assistance to law enforcement or a government attorney in the criminal investigation or prosecution of another person. *See Martin*, 2024 WL 1329295, at * 8–10. Giving a prisoner the reputation as a snitch subjects the prisoner to potential substantial risk of harm. *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001). In the context of a prison official labeling an inmate a snitch, however, district courts in the Fourth Circuit have held that "general fears about being harmed by a fellow inmate or a prison gang are not enough to establish" a substantial risk of serious harm. *Martin*, 2024 WL 1329295, at *10 (cleaned up); *see also McClary v. Franklin*, No. 3:20cv425, 2022 WL 1124867, at *9 (S.D. W. Va. Mar. 22, 2022) (collecting cases where a "non-specific" fear of harm was insufficient to survive summary judgment), *adopted*, 2022 WL 1124198 (S.D. W. Va. Apr. 14, 2022).

In this case, Reyna has not satisfied the objective prong because he has presented no evidence from which a reasonable jury could conclude that he was subject to a substantial risk of serious harm by Pride's single comment that Reyna was "snitching," which Pride denies making. In Pride's affidavit, she sets forth evidence that she told a prisoner to make an announcement that the broom and dustpan needed to be located so that Reyna could use them and the pod could be released from lockdown when count cleared. Pride does not indicate that this announcement created a disturbance or even any comments from other prisoners. No inmates threatened Reyna

in relation to the missing broom and dustpan or Pride's comment, and Reyna did not report any specific fears of harm to prison staff. Pride's affidavit reveals no improper motive, such as to retaliate against Reyna for filing complaints. Furthermore, there is no evidence that Reyna had cooperated in the investigation of misconduct by another inmate or a criminal prosecution or that Pride's comment conveyed such information.

Pride's affidavit shifts the burden to Reyna to present evidence of a substantial risk of serious harm. *Bouchat*, 346 F.3d at 522. Reyna did not oppose summary judgment with further evidence, however, leaving only his verified complaint as evidence. Reyna's verified complaint does not assert that he was threatened or physically attacked or injured by another inmate. Reyna does not assert that he has reported any threats or violence to Pride or other officials. At most, Reyna's evidence describes a "general fear[]" of harm, which is insufficient to survive summary judgment. *See Martin*, 2024 WL 1329295, at *4 (cleaned up). In sum, no evidence shows that, by telling another inmate that Reyna was "snitching," Pride revealed Reyna cooperating with an official in an investigation or exposed Reyna to any threats. Accordingly, Reyna has failed to offer sufficient facts to show a substantial risk of serious harm. *Smith*, 986 F.3d at 486 (citing *Celotex Corp.*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

The cases where a plaintiff's claim of being labeled a "snitch" survived summary judgment can be distinguished. *White v. Fox*, 470 F. App'x 214, 223 (5th Cir. 2012) (reversing summary judgment for defendant after finding the plaintiff produced evidence that prison official told another prisoner plaintiff was an informant "connect[ed] the snitch label . . . and the subsequent assault"); *Irving v. Dormire*, 519 F.3d 441, 449 (8th Cir. 2008) (reversing summary judgment where the defendant "labeled [the plaintiff] a snitch in an effort to induce inmates to attack him, *and even armed [an inmate] with a razor blade for use in such an attempt*")

9

(emphasis added); *Collins v. Taylor*, No. 2:23cv169, 2024 WL 2852624, at *17–19 (D.S.C. Apr. 22, 2024), *adopted*, 2024 WL 2230178 (D.S.C. May 16, 2024) (holding that summary judgment for defendant was inappropriate because the plaintiff offered evidence that the official labeled him a snitch and evidence "that he was attacked by other inmates shortly thereafter").[4]

These cases illustrate a clear principle: context matters. *King v. Riley*, 76 F.4th 259, 265 (4th Cir. 2023) ("We have said that, sometimes, *context* makes the violation 'obvious.'") (emphasis added). Considering the context of this case—i.e., no evidence of a motive to harm Reyna, no evidence that he had cooperated in an investigation by prison officials, and no evidence of a threat, much less a subsequent assault—Reyna does not present sufficient evidence to satisfy the objective prong.

For Reyna to prevail on the subjective prong, he carries the burden to submit evidence that Pride was deliberately indifferent. *See Makdessi*, 789 F.3d at 134. In other words, Reyna must present evidence that Pride had *actual* knowledge of a substantial risk of harm and disregarded that risk. *Id.* at 134–35. Reyna has not met his burden. In her affidavit, Pride states that she did not see anyone go near Reyna's cell on the day she called Reyna a snitch. *Id.* at 2. Pride further states that she is not aware of Reyna being threatened or physically attacked, nor has Reyna "reported any specific occurrences to housing unit staff." *Id.* at 2. Reyna offered no evidence to challenge Pride's affidavit. He has not shown that Pride was aware of previous

---

[4] Some courts have allowed "snitch" claims to survive a motion to dismiss "in the absence of physical injury." *See, e.g.*, *Benefield*, 241 F.3d at 1272; *Williams v. Thomas*, No. 12cv1323, 2013 WL 1795578, at *6 (E.D. Pa. Apr. 29, 2013) (holding that "the mere act of labeling a prisoner a snitch constitutes a substantial risk of harm" and noting that "[a]n inmate need not wait until actual attack occurs to obtain relief"). Those cases involved allegations that the prisoner was called a snitch in circumstances that created a substantial risk of serious harm. Surviving a motion to dismiss does not foreshadow surviving summary judgment. *See Ray v. Roane*, 93 F.4th 651, 655 (4th Cir. 2024) ("[T]he standards on a motion to dismiss and on summary judgment are different."). There is "nothing remarkable in concluding that some plaintiffs whose claims survive a motion to dismiss are unable to meet their burden to survive summary judgment." *Graves v. Lioi*, 930 F.3d 307, 317 (4th Cir. 2019).

10

threats or attacks, that he was ever threatened or physically attacked after Pride called him a snitch, or that Pride had any motive to cause him harm. Put simply, Reyna has not met his burden of showing that Pride had "actual knowledge of an excessive risk to [Reyna]'s safety." *Cobb*, 2024 WL 4202731, at *5.

Given these circumstances, and taking as true Reyna's account that Pride called him a snitch to another inmate, I cannot find that Pride was deliberately indifferent to an extreme risk of harm. Accordingly, Reyna's Eighth Amendment failure-to-protect claim will be dismissed.

B.     *Qualified Immunity*

Pride also seeks summary judgment on the basis of qualified immunity. However, because "the court has already determined that [Reyna] has not shown facts to 'make out a violation of a constitutional right,' . . . no further analysis is needed." *Fauconier v. Clarke*, 257 F. Supp. 3d 746, 762–63 (W.D. Va. 2017) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).

IV. Conclusion

For the foregoing reasons, Defendant Pride's motion for summary judgment, ECF No. 30, will be granted, and the action will be dismissed.

ENTER: September 26, 2024

*[signature]*

Joel C. Hoppe
U.S. Magistrate Judge

11